Jorge Israel Silva SALAZAR,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 07–70034.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2007.*

Filed June 12, 2007.

Jorge Israel Silva Salazar, Santa Bar-
bara, CA, pro se.

CAC–District, office of the District
Counsel Department of Homeland Securi-
ty, Los Angeles, CA, Ronald E. Lefevre,
Chief Counsel, Office of the District Coun-
sel Department of Homeland Security, San
Francisco, CA, Ann Carroll Varnon, Esq.,
DOJ—U.S. Department of Justice Civil
Div./Office of Immigration Lit., Washing-
ton, DC, for Respondent.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reconsider and/or to reopen removal proceedings.

The regulations state that a motion to reconsider must be filed with the BIA within 30 days after the mailing of the BIA decision. *See* 8 C.F.R. § 1003.2(b)(2). The BIA affirmed the Immigration Judge's decision and dismissed petitioner's appeal on September 19, 2006. Petitioner filed a "motion to reopen and for extension of voluntary departure/stay of removal" with the BIA on November 13, 2006. Because petitioner's motion to reconsider the BIA's prior decision was untimely, the BIA did not abuse its discretion in denying the motion on that ground. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002).

The regulations also provide that a motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by new and material evidence. *See* 8 C.F.R. § 1003.2(c)(1). Petitioner's motion to reopen to the BIA was not supported by any new or material evidence that would establish petitioner's prima facie eligibility for cancellation of removal. The BIA therefore did not abuse its discretion in denying the motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, the court summarily denies this petition for review because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). This petition is denied.

Petitioner's request for a stay of voluntary departure is denied.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**